```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/31/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEROD MOBLEY; ANGELA MOELLER,

                            Plaintiffs,

              -against-

INVESTIGATOR JOE RODRIGUEZ, New York
State Police; SULLIVAN COUNTY DISTRICT
ATTORNEY'S OFFICE; JUDGE DANIELLE
DECKER, Sulivan County Court; SULLIVAN
COUNTY LEGAL AID SOCIETY,

                            Defendants.

7:25-CV-6784 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Gerod Mobley and Angela Moeller, who are both currently held in the Sullivan

County Jail,[1] and who appear *pro se*, bring this action asserting claims of federal constitutional

violations under 42 U.S.C. § 1983. They seek damages, injunctive relief, and declaratory relief,

and they sue the following defendants: (1) New York State Police Investigator Joe Rodriguez;

(2) the Sullivan County District Attorney's Office; (3) Judge E. Danille Jose-Decker (referred to

by Plaintiffs as "Judge Danielle Decker") of the County Court, Sullivan County; and (4) the

Sullivan County Legal Aid Society. After Plaintiffs commenced this action by filing their

complaint, they filed multiple letters with the court (ECF 8-9, 11-12), which the Court construes

as supplements to the complaint. The Court understands Plaintiffs' complaint and supplements as

asserting claims under Section 1983 and under state law.

By order dated September 15, 2025, the court granted Plaintiffs' requests to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed in this

---

[1] It appears that Plaintiffs filed the complaint commencing this action before they were
taken into custody.

order, the Court: (1) dismisses Plaintiffs' claims seeking the criminal prosecution of any of the defendants or of anyone else; (2) dismisses Plaintiffs' claims under Section 1983 and under state law against the Sullivan County District Attorney's Office, and any such claims asserted against Judge Jose-Decker in her official capacity; (3) dismisses Plaintiffs' claims under Section 1983 against Judge Jose-Decker in her individual capacity; (4) dismisses Plaintiffs' claims under Section 1983 against the Sullivan County Legal Aid Society; and (5) dismisses Plaintiffs' claims for injunctive relief and declaratory relief seeking this Court's intervention in Plaintiffs' ongoing state-court criminal matters in the County Court, Sullivan County. In addition, the Court directs service on Rodriguez and the Sullivan County Legal Aid Society.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A.   Claims seeking the prosecution of others

To the extent that Plaintiffs seek the federal criminal prosecution of any of the defendants, or of anyone else, the Court must dismiss such claims for relief. Plaintiffs cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiffs nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiffs lack standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which they seek the federal criminal prosecution of anyone, including the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a

3

[federal] court has no subject matter jurisdiction to hear their claim." (internal quotation marks and citation omitted)).[2]

## B.  Claims against the Sullivan County District Attorney's Office and against Judge Jose-Decker in her official capacity

The Court understands Plaintiffs' complaint as asserting claims under Section 1983 and under state law against the Sullivan County District Attorney's Office and against Judge Jose-Decker in her official capacity. The Court must dismiss these claims under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "To the extent that a state official is sued . . . in [her] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Thus, the Eleventh Amendment further precludes claims against individual

---

[2] In addition, to the extent that Plaintiffs seek the termination of any of the defendants from their current positions (ECF 1, at 7), this Court lacks the authority to grant such relief, *see Henry v. Sharp*, No. 4:18-CV-0413, 2018 WL 1413228, at *2 n.2 (D.S.C. Feb. 20, 2018) ("Plaintiff also seeks relief which can never be granted, by requesting Defendants be fired. This court cannot 'fire' Defendants."), *report & recommendation adopted*, 2018 WL 1393675 (D.S.C. Mar. 20, 2018).

state-officer defendants, in their official capacities, for damages, retrospective injunctive relief, and retrospective declaratory relief. *See Green*, 474 U.S. at 72-74; *Halderman*, 465 U.S. at 101-02; *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022); *Pineda v. Doe 1-2*, No. 7:25-CV-4552 (JGLC), 2025 WL 2145661, at *2-3 (S.D.N.Y. July 29, 2025).

It also precludes a plaintiff from seeking, in federal court, relief under state law against a State or one of its agencies or officers sued in his or her official capacity. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-42 (2002); *Halderman*, 465 U.S. at 120-21; *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) ("Although the text of the [Eleventh] Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts, it has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal court." (internal quotation marks and citation omitted)); *Curtis v. New York*, 1:22-CV-7201 (LTS), 2022 WL 14054222, at *2 (S.D.N.Y. Oct. 24, 2022) ("The Eleventh Amendment additionally precludes Plaintiff from seeking here, in federal court, relief under state law against the State of New York, and against individual [New York State] officials, in their official capacities."); *Nunez v. Cuomo*, No. 11-CV-3457, 2012 WL 3241260, at *20 (E.D.N.Y. Aug. 7, 2012) ("[S]ince sovereign immunity has not been waived and '[s]upplemental jurisdiction . . . does not constitute a congressional abrogation of the Eleventh Amendment granting district courts the power to adjudicate pendent state law claims,' Plaintiffs' [state-law] claim against the State and Governor Cuomo in his official capacity is dismissed.").

In the State of New York, a District Attorney's Office, when prosecuting a criminal matter, is deemed an arm of the State of New York and, therefore, in that context, enjoys Eleventh Amendment immunity from suit. *See Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *2 (2d Cir. Jan. 29, 2024) (summary order) (citing and quoting, *inter alia*, *Ying Jing*

*Gan*, 996 F.2d at 536); *Walker v. City of New York*, 205 F.3d 1327 (2d Cir. 2000) (unpublished

table opinion) (affirming district court's dismissal of claims under Section 1983 against the

Queens County District Attorney's Office on Eleventh Amendment grounds); *Ramos v. N.Y.C.*

*Police Dep't*, No. 1:24-CV-8340 (LTS), 2024 WL 5090925, at *3 (S.D.N.Y. Dec. 10, 2024) ("A

District Attorney's Office in the State of New York is . . . afforded Eleventh Amendment

immunity with regard to decisions made while acting in a prosecutorial capacity." (footnote

omitted)); *Aurecchione v. Falco*, 7:22-CV-4538 (NSR), 2022 WL 3867929, at *12 (S.D.N.Y.

Aug. 30, 2022) ("To the extent that Plaintiff's second cause of action is premised on the actions

of the Rockland County District Attorney's Office in seeking an arrest warrant, Eleventh

Amendment sovereign immunity warrants dismissal of this cause of action."); *Singleton v. N.Y.C.*

*Police Dep't*, No. 1:20-CV-9699 (LLS), 2021 WL 665032, at *2 (S.D.N.Y. Feb. 17, 2021)

("Courts have held that an office of a district attorney in New York State is afforded Eleventh

Amendment immunity with regard to its decision to prosecute. Courts have also held that such an

office is a nonsuable entity." (citations omitted)).

     In addition, judges of the State of New York, including County Court judges, such as

Judge Jose-Decker, when sued in their official capacities, also enjoy Eleventh Amendment

immunity. *See Healey*, 28 F.4th at 392 (2d Cir. 2022); *Libertarian Party of Erie Cnty. v. Cuomo*,

970 F.3d 106, 122-23 (2d Cir. 2020) (affirming dismissal of suit against New York State judges

for damages pursuant to the Eleventh Amendment), *abrogated on other grounds*, *N.Y.S. Rifle &*

*Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); *Lynch v. Crandall*, No. 6:24-CV-1538, 2025 WL

1070388, at *2 (N.D.N.Y. Apr. 9, 2025) (County Court judge), *order and report-recommendation*

*adopted as modified*, 2025 WL 1363859 (N.D.N.Y. May 12, 2025); *cf. Gollomp*, 568 F.3d at 366

("[T]he New York State Unified Court System is an arm of the State . . . and is therefore

protected by Eleventh Amendment sovereign immunity."); *Kampfer v. Cnty. of Fulton*, 107 F.3d 3 (2d Cir. 1997) (unpublished table opinion) ("The County Court of the State of New York is an integral part of the State's Unified Court System and as such is an arm of the State of New York." (citation omitted)).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiffs' claims under Section 1983 against the Sullivan County District Attorney's Office appear to arise from that Office's decision to prosecute and its actual prosecution of the Plaintiffs. Thus, Plaintiffs' claims for damages, injunctive relief, and retrospective declaratory relief under Section 1983 against that defendant are precluded by the doctrine of Eleventh Amendment immunity. The same is true with respect to Plaintiffs' claims for damages, retrospective injunctive relief, and retrospective declaratory relief under Section 1983 against Judge Jose-Decker in her official capacity.[3] Thus, the Court dismisses such claims under Section 1983 for lack of jurisdiction and because Plaintiffs appear to seek monetary relief from defendants that are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived

---

[3] Under the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citations omitted). Most, if not, all of Plaintiffs' claims for injunctive and declaratory relief with respect to Judge Jose-Decker, however, appear to be for retrospective relief (ECF 1, at 4-7), and thus, such claims for relief under Section 1983 against Judge Jose-Decker, in her official capacity, are precluded by the Eleventh Amendment.

its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

In addition, and for the same reason, the Court dismisses any claims under state law that Plaintiffs assert against the Sullivan County District Attorney's Office and against Judge Jose-Decker in her official capacity.[4] *See* § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3). Such claims may only be pursued in the appropriate state courts. *See Ramos v. City of New York*, 285 A.D.2d 284, 303 (1st Dep't 2001) (in an action appealed from the New York Supreme Court, Bronx County, noting that, under state law, "a District Attorney historically has been categorized as a local, rather than a State, officer, which is unremarkable in that the District Attorney is elected and compensated by the county's voters and enjoys no extra-county jurisdiction as a result of which a District Attorney's torts are the torts of the county rather than of the State"); *Bertoldi v. State*, 275 A.D. 2d 227, 228 (1st Dep't 2000) ("It is well settled that the [New York] Court of

---

[4] Plaintiffs allege that the actions of the Sullivan County District Attorney's Office "are part of a larger pattern of misconduct by Sullivan County officials targeting individuals who challenge the status quo or expose corruption." (ECF 1, at 5.) They also allege that, "[i]n 2023, Plaintiff Gerod Mobley was indicted by the Sullivan County District Attorney's Office, indicating a long-standing and continuing pattern of targeting and malicious prosecution." (*Id.*) These alleged actions of that District Attorney's Office would seem to fall under its prosecutorial duties and, thus, that Office is immune from suit under the Eleventh Amendment with respect to Plaintiffs' claims under Section 1983 arising from those alleged actions, as that Office was acting as arm of the State of New York. *See supra* at 5-6. Yet, even if those alleged actions did not fall under that Office's prosecutorial duties, but instead fell under its duties as a municipal agency of the County of Sullivan, *see Ying Jin Gan*, 966 F.2d at 536; *Ramos v. City of New York*, 285 A.D.2d 284, 303 (1st Dep't 2001), Plaintiffs have failed to show that Office's municipal liability under Section 1983 because they have not alleged facts sufficient to show that a policy, custom, or practice of that Office, or of the County of Sullivan, caused a violation of their federal constitutional rights, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Claims has exclusive jurisdiction over actions for money damages against the State [of New York], [New York] State agencies, or [New York] State officials acting in their official capacities in the exercise of governmental functions.").

**C.      Claims under Section 1983 against Judge Jose-Decker in her individual capacity**

The Court must dismiss, under the doctrine of judicial immunity, Plaintiffs' claims under Section 1983 against Judge Jose-Decker, in her individual capacity, arising from her acts or rulings in the course of her presiding over any of Plaintiffs' criminal matters in the County Court, Sullivan County. Under this doctrine, judges are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken in absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). In addition, Section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Courts have extended this judicial immunity to claims for retrospective declaratory relief brought against a judge in his or her individual capacity. *Bythewood v. New York*, No. 22-2542-

cv, 2023 WL 6152796, at *2 (2d Cir. Sept. 21, 2023) (summary order) ("While [the appellant]
framed his request in the context of past declaratory relief, he cannot avoid the application of
immunity by seeking a declaration that a judge violated his federal rights through prior adverse
rulings."); *Barry v. N.Y.S. Dep't of Corrs. & Cmty. Supervision*, 7:25-CV-0791 (CS), 2025 WL
2879796, at *4 (S.D.N.Y. Oct. 9, 2025); *Pineda*, 2025 WL 2145661, at *2.

To the extent that Plaintiffs assert claims under Section 1983 for damages, injunctive
relief, and retrospective declaratory relief against Judge Jose-Decker, in her individual capacity,
arising from any of her acts or rulings taken in the course of her presiding over Plaintiffs'
criminal matters in the County Court, Sullivan County, Plaintiffs have failed to allege any facts
showing that Judge Jose-Decker has acted beyond the scope of her judicial responsibilities or
outside of her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Inasmuch as Plaintiffs sue Judge Jose-
Decker for "acts arising out of, or related to, individual cases before" her, *Bliven*, 579 F.3d at
210, the doctrine of judicial immunity applies to Plaintiffs' claims under Section 1983 for
damages, injunctive relief, and retrospective declaratory relief against that judge in her individual
capacity. The Court therefore dismisses these claims under the doctrine of judicial immunity[5]
because Plaintiffs seek monetary relief from a defendant who is immune from such relief, *see*
§ 1915(e)(2)(B)(iii), and, consequently, as these claims are frivolous, *see* § 1915(e)(2)(B)(i);

_____

[5] The amendment to Section 1983, allowing for injunctive relief against a judicial officer
only if a state-court declaratory decree was violated or state-court declaratory relief is
unavailable, precludes Plaintiffs from seeking injunctive relief against Judge Jose-Decker in her
individual capacity. This is so because Plaintiffs can seek review of Judge Jose-Decker's actions
and/or rulings in the New York State appellate courts. *See Berlin v. Meijia*, No. 15-CV-5308,
2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated
and declaratory relief is available to plaintiffs through an appeal of the state court judges'
decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 18, 2018).

*Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

D.      **Claims under Section 1983 against the Sullivan County Legal Aid Society**

The Court must dismiss Plaintiffs' claims under Section 1983 against the Sullivan County Legal Aid Society. A claim for relief under Section 1983 must allege facts showing that the defendants acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted)). Private individuals and other private entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . ." (internal quotation marks and citations omitted)). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's or a private legal aid organization's legal representation does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney or organization, regardless of whether that attorney or organization is privately retained, court-appointed, or a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981)); *Rodriguez v.*

11

*Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000); *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

Plaintiffs have alleged no facts showing how the Sullivan County Legal Aid Society—a private legal aid organization—functioned as a state actor when it allegedly violated their federally protected rights. The Court therefore dismisses Plaintiffs' claims under Section 1983 against this defendant for failure to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii). This defendant is not, however, terminated from this action because Plaintiffs seem to have alleged associated claims under state law against it under the court's supplemental jurisdiction.

**E.    The *Younger* abstention doctrine**

To the extent that Plaintiffs seek, under Section 1983, this Court's intervention in what appear to be their ongoing criminal matters in the County Court, Sullivan County, including any injunctive relief and declaratory relief sought in their complaint and supplemental letters that, if granted, would have that effect, this Court must dismiss such claims under the abstention doctrine first articulated by the Supreme Court of the United States in *Younger v. Harris*, 401 U.S. 37 (1971). Under that doctrine, a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of this *Younger* abstention doctrine has been extended to the three following categories of state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and

(3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). It applies to claims for injunctive relief, as well as to claims for declaratory relief, sought in a federal court that would cause that court to intervene in any of those abovementioned types of state-court proceedings. *See Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000).

Inasmuch as Plaintiffs seek this Court's intervention, including by way of the injunctive relief and declaratory relief sought in their complaint and in their supplemental letters, with respect to their ongoing criminal matters in the County Court, Sullivan County, they allege nothing to show that bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect those ongoing state-court criminal matters. Thus, notwithstanding the claims dismissed above, applying the *Younger* abstention doctrine, the Court dismisses any of Plaintiffs' claims under Section 1983 for injunctive relief and declaratory relief that would cause this Court to intervene in Plaintiffs' pending state-court proceedings.

## F.  Service on Rodriguez and the Sullivan County Legal Aid Society

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the United States Marshals Service ("USMS") to effect service.[6] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

---

[6]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses issue. The Court therefore extends the time to serve Rodriguez and the Sullivan County Legal Aid Society until 90 days after the date that summonses for those defendants issue.

To allow Plaintiffs to effect service on Rodriguez and the Sullivan County Legal Aid Society through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue a summons for each of those defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint upon each of those defendants.

If a summons and the complaint are not served upon each of those defendants within 90 days after the date that the summonses are issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiffs must notify the Court in writing if their mailing addresses change, and the Court may dismiss this action if Plaintiffs fail to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information packages to each of the two Plaintiffs.

For the reasons set forth in this order, the Court: (1) dismisses Plaintiffs' claims seeking the criminal prosecution of any of the defendants, or of anyone else, for lack of standing, *see* Fed. R. Civ. P. 12(h)(3); (2) dismisses Plaintiffs' claims under Section 1983 and under state law against the Sullivan County District Attorney's Office, and any such claims asserted against Judge Jose-Decker in her official capacity, under the doctrine of Eleventh Amendment immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); (3) dismisses Plaintiffs' claims under Section 1983 against Judge Jose-Decker in her individual capacity under the doctrine of judicial immunity, and as frivolous, *see* § 1915(e)(B)(i), (iii); (4) dismisses Plaintiffs' claims under Section 1983 against the Sullivan County Legal Aid Society because it is not a state actor, *see*

§ 1915(e)(2)(B)(ii); and (5) dismisses Plaintiffs' claims for injunctive and declaratory relief seeking this Court's intervention in Plaintiffs' ongoing state-court criminal matters under the *Younger* abstention doctrine.

The Court directs the Clerk of Court to not terminate the Sullivan County Legal Aid Society from this action. The Court also directs service on Rodriguez and the Sullivan County Legal Aid Society. Accordingly, the Court further directs the Clerk of Court to: (1) issue summonses for Rodriguez and the Sullivan County Legal Aid Society; (2) complete USM-285 forms with the service addresses for those defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint upon each of those defendants to the USMS.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 31, 2025
          White Plains, New York

_____
          NELSON S. ROMÁN
          United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.  Joe Rodriguez, Investigator
    New York State Police Barracks
    Troop F – Middletown
    55 Crystal Run Road
    Middletown, New York 10941-9755

2.  Sullivan County Legal Aid Society
    11 Bank Street
    Monticello, New York 12701